UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT BANKS, :
:
      Plaintiff, :
:
v. : CIVIL NO. 4:CV-07-1554
:
CHESTER COUNTY COURTS, et al., : (Judge Jones)
:
      Defendants. :

## MEMORANDUM

September 7, 2007

**Background**

Robert Banks ("Plaintiff"), an inmate presently confined at the State Correctional Institution, Graterford, Pennsylvania ("SCI-Graterford"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint is accompanied by an *in forma pauperis* application. For the reasons set forth below, Banks' action will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

A review of the complaint indicates that Plaintiff is seeking relief against the Chester County Court of Common Pleas and the following Chester County

officials: Judge Riley, District Attorney Susan Fields, Public Defender Nicole Thompson, Probation Officer Kristen Brown, and District Attorney Frey. Banks states that he was convicted of burglary in the Chester County Court of Common Pleas.[1] During April 1996, the Plaintiff was sentenced to a 2 ½ to five year sentence by Judge Riley. Banks' complaint challenges the legality of his criminal sentence on the grounds that it was excessive. He also seeks relief with respect to related parole violations which transpired in 1996 and 2006. As relief, Banks requests that his previously imposed Chester County sentence be vacated. He also asks to be awarded punitive damages.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] It is noted that SCI-Graterford and Chester County are both located within the confines of the United States District Court for the Eastern District of Pennsylvania.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed *in forma pauperis* may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of *in forma pauperis* claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

It is well-settled that inmates may not use civil rights actions to challenge

the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). As detailed above, all of the Plaintiff's present allegations are unquestionably attacking the legality of his Chester County sentence, claims which are precluded from consideration under Preiser.

Further, the United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement properly sound in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985). In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Pursuant to Georgevich and Edwards, Plaintiff's present claims for injunctive relief, especially his request that his Chester County criminal sentence be vacated, are not properly raised in a civil rights complaint.

With respect to Plaintiff's request for punitive damages, in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

4

whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Furthermore, a finding in Banks' favor here would necessarily imply the invalidity of his sentence. In such a case, any §1983 cause of action must be deferred until the conviction is overturned. Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005).

Thus, Banks' request for punitive damages is premature under Heck and Gibson because his present cause of action for monetary damages must be deferred until his underlying state criminal prosecution is rendered invalid. If Plaintiff is able to successfully challenge his Chester County criminal sentence, under Heck, he could reassert his claim for damages in a properly filed civil rights complaint. Until then, however, because Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774.[2] An appropriate Order will enter.

---

[2] If Banks wishes to challenge his Chester County sentence via a federal habeas corpus petition or file a § 1983 action against any Chester County official, the

  s/ John E. Jones III
JOHN E. JONES  III
United States District Judge

---

United States District Court for the Eastern District of Pennsylvania would be the court having proper venue.